FILED
2022 Jan-19  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "1"

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: JAN MYERS**


alacourt.com

**County:** 01  **Case Number:** CV-2021-903644.00  **Court Action:**

**Style:** ONIN STAFFING, LLC V. PHILADELPHIA INDEMNITY INSURANCE COMPANY

`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: 01-JEFFERSON - BIRMINGHAM | Case Number: CV-2021-903644.00 | Judge: BBG:BRENDETTE BROWN GREEN |
| Style: ONIN STAFFING, LLC V. PHILADELPHIA INDEMNITY INSURANCE COMPANY | | |
| Filed: 12/14/2021 | Case Status: ACTIVE | Case Type: CONTRACT/EJMNT/SEIZU |
| Trial Type: JURY | Track: | Appellate Case: 0 |
| No of Plaintiffs: 1 | No of Defendants: 1 | |

### Damages

| | | |
|---|---|---|
| Damage Amt: 0.00 | Punitive Damages: 0.00 | General Damages: 0.00 |
| No Damages: | Compensatory Damages: 0.00 | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: 0 | Num of Liens: 0 | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: 12/14/2021 | Updated By: AJA |

## Parties

### Party 1 - Plaintiff BUSINESS - ONIN STAFFING, LLC

#### Party Information

| | | |
|---|---|---|
| Party: C001-Plaintiff | Name: ONIN STAFFING, LLC | Type: B-BUSINESS |
| Index: D PHILADELPHIA | Alt Name: | Hardship: No  JID: BBG |
| Address 1: 3800 COLONNADE PARKWAY | | Phone: (205) 872-1032 |

| | | | | | |
|---|---|---|---|---|---|
| Address 2: | SUITE 300 | | | | |
| City: | BIRMINGHAM | State: | AL | Zip: | 35243-0000 Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | TAY046 | | TAYLOR SPENCER MCCARTNEY | STAYLOR@BTNLLAW.COM | (205) 872-1032 |

## Party 2 - Defendant BUSINESS - PHILADELPHIA INDEMNITY INSURANCE COMPANY

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | PHILADELPHIA INDEMNITY INSURANCE COMPANY | Type: | B-BUSINESS |
| Index: | C ONIN STAFFIN | Alt Name: | | Hardship: No | JID: BBG |
| Address 1: | C/O CT CORPORATION SYSTEM | | Phone: (205) 000-0000 | | |
| Address 2: | 2 N JACKSON S., STE. 605 | | | | |
| City: | MONTGOMERY | State: AL | Zip: | 36104-0000 Country: US | |
| SSN: | XXX-XX-X999 | DOB: | Sex: | Race: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 12/14/2021 | Issued Type: F-CERTIFIED MAIL BY FIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 12/20/2021 | Service Type C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $18.09 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $451.00 | $469.09 | -$18.09 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|----------|----------|
| 12/16/2021 | CREDIT | CONV | 2022054 | 2083530 | $18.09 | C001 | 000 | | N | | | PAS |
| 12/16/2021 | RECEIPT | CV05 | 2022054 | 2083540 | $306.00 | C001 | 000 | | N | | | PAS |
| 12/16/2021 | RECEIPT | JDMD | 2022054 | 2083550 | $100.00 | C001 | 000 | | N | | | PAS |
| 12/16/2021 | RECEIPT | VADM | 2022054 | 2083560 | $45.00 | C001 | 000 | | N | | | PAS |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 12/14/2021 | 4:20 PM | ECOMP | COMPLAINT E-FILED. | TAY046 |
| 12/14/2021 | 4:20 PM | FILE | FILED THIS DATE: 12/14/2021   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | EORD | E-ORDER FLAG SET TO "Y"   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | ASSJ | ASSIGNED TO JUDGE: BRENDETTE BROWN GREEN   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | TDMJ | JURY TRIAL REQUESTED   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | SCAN | CASE SCANNED STATUS SET TO: N   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | ORIG | ORIGIN: INITIAL FILING   (AV01) | AJA |
| 12/14/2021 | 4:21 PM | C001 | C001 PARTY ADDED: ONIN STAFFING, LLC   (AV02) | AJA |
| 12/14/2021 | 4:21 PM | C001 | LISTED AS ATTORNEY FOR C001: TAYLOR SPENCER MCCAR | AJA |
| 12/14/2021 | 4:21 PM | C001 | INDIGENT FLAG SET TO: N   (AV02) | AJA |
| 12/14/2021 | 4:21 PM | C001 | C001 E-ORDER FLAG SET TO "Y"   (AV02) | AJA |
| 12/14/2021 | 4:21 PM | D001 | INDIGENT FLAG SET TO: N   (AV02) | AJA |
| 12/14/2021 | 4:21 PM | D001 | D001 PARTY ADDED: PHILADELPHIA INDEMNITY INSURANCE | AJA |
| 12/14/2021 | 4:21 PM | D001 | D001 E-ORDER FLAG SET TO "Y"   (AV02) | AJA |
| 12/14/2021 | 4:21 PM | D001 | CERT MAIL-FIL ISSUED: 12/14/2021 TO D001   (AV02) | AJA |
| 12/14/2021 | 4:21 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE   (AV02) | AJA |
| 12/29/2021 | 8:35 AM | D001 | SERVICE OF CERTIFIED MAI ON 12/20/2021 FOR D001 | KAD |
| 12/29/2021 | 8:35 AM | ESERC | SERVICE RETURN | KAD |

## Images

| Date: | Doc# | Title | Description | Pages |
|-------|------|-------|-------------|-------|
| 12/14/2021 4:20:29 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |

| 12/14/2021 4:20:29 PM | 2 | COMPLAINT | | 13 |
| 12/14/2021 4:21:35 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 12/14/2021 4:21:36 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 12/29/2021 8:35:25 AM | 5 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/29/2021 8:35:37 AM | 6 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

 ***END OF THE REPORT***

ELECTRONICALLY FILED
12/14/2021 4:20 PM
01-CV-2021-903644.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br>Date of Filing:<br>12/14/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ONIN STAFFING, LLC v. PHILADELPHIA INDEMNITY INSURANCE COMPANY

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

TAY046 | 12/14/2021 4:20:21 PM<br>Date | /s/ SPENCER MCCARTNEY TAYLO<br>Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
12/14/2021 4:20 PM
01-CV-2021-903644.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| ONIN STAFFING, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO.: |
| PHILADELPHIA INDEMNITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Onin Staffing, LLC ("Onin" or "Onin Staffing") states the following Complaint against Defendant Philadelphia Indemnity Insurance Company ("PIIC"):

## NATURE OF THE ACTION

1. This action arises out of PIIC's wrongful denial of employment liability insurance coverage to its named insured, Onin Staffing, with respect to a putative class action lawsuit filed by Bobby Lee Miles, Jr. ("Miles") in the United States District Court for the Middle District of Tennessee (the "Miles Lawsuit").[1] In the Miles Lawsuit, Miles claims Onin terminated his employment and denied him a subsequent employment opportunity in violation of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et. seq.  Miles alleges Onin unlawfully used an employee background check obtained from a credit reporting agency for these employment purposes.  In addition to his individual claims, Miles seeks to represent an "Adverse Action Class," consisting of other job applicants and employees Plaintiff claims were subjected to an adverse employment action as a result of Onin's obtaining and using a consumer report for its

---

[1] *Bobby Lee Miles, Jr., et al. v. Onin Staffing, LLC*, Civil Action No. 3:21-cv-0275, in the United States District Court for the Middle District of Tennessee, Nashville Division.

employment purposes. Notwithstanding that PIIC's Employment Practices Liability policy covers Onin for claims alleging wrongful termination of employment, failure to employ, employment related invasion of privacy, and wrongful deprivation of a career opportunity among its twenty-four (24) enumerated subparts to the definition of "**Employment Practice Act**," PIIC inexplicably has denied coverage to Onin on the basis this definition is not met. Indeed, PIIC takes this wrongful coverage position while simultaneously maintaining the Miles Lawsuit is excluded from its professional liability coverage by an employment related practices exclusion. As further set forth in this Complaint, these and other coverage positions taken by PIIC find no lawful basis under the policy or Alabama law. PIIC's wrongful coverage denial is a breach of contract and an act of bad faith.

## PARTIES AND JURISDICTION

2.      Plaintiff Onin Staffing is a limited liability company with its principal place of business in Jefferson County, Alabama.

3.      Defendant PIIC is an insurance company doing business in Jefferson County, Alabama.

4.      The claims asserted in this action arise out of an insurance policy that PIIC issued to Onin Staffing at its Birmingham, Alabama address.

5.      Venue is proper in this Court pursuant to applicable Alabama law, including Alabama Code § 6-3-7.

## BACKGROUND

### *The Miles Lawsuit*

6.      Onin Staffing is an employment staffing company that supplies workers to other businesses.

7.      On April 5, 2021, Miles filed the Miles Lawsuit against Onin claiming he was denied employment opportunities by Onin in violation of FCRA. The claims in the Miles Lawsuit are set forth in an Amended Class Action Complaint and Demand for Jury Trial filed on May 26, 2021. All references to the claims and allegations in the Miles Lawsuit in this Complaint are as alleged in Miles' Amended Class Action Complaint.[2]

8.      The Miles Lawsuit claims Onin uses an outside consumer reporting agency to conduct background checks on existing employees from time-to-time during the course of their employment. Based on these reports, Miles alleges Onin took two adverse employment actions against him.

9.      First, Miles claims in July 2020, he applied for employment with Onin and "was offered employment, accepted the job and was assigned to a Dorman warehouse facility." Miles alleges he was informed in October 2020 he was not eligible for continued assignment or employment at Dorman because he failed a background check. Miles claims Onin failed to provide him with pre-adverse action notice or a copy of his report before terminating his assignment at Dorman.

10.     Subsequently, Miles claims Onin obtained a background report to determine Miles' eligibility for another assignment. Miles claims he did not receive the assignment and was thus subjected to a "second adverse employment action" without Onin providing him notice or a copy of the report "before taking adverse employment action against him."

11.     Miles claims these adverse employment actions violated his rights under FCRA. He asserts Onin had no right to take adverse employment action against him

---

[2] By referring to the Miles Lawsuit allegations in this Complaint, Onin in no way is admitting the allegations or suggesting or implying they have merit.

without providing him notice of the report. Among other things, the Miles Lawsuit claims FCRA makes it presumptively unlawful to obtain and use a consumer report for an employment purpose, and that Onin violated the act by denying him employment opportunities, terminating his existing position with Dorman, and depriving him of a subsequent assignment based on use of, and the failure to provide him with notice of, the report.

12.    In addition to his individual claims, Miles seeks to represent an "Adverse Action Class" consisting of the following:

> All applicants and employees in the United States who were subject to an adverse employment action based in whole or in part on their consumer report but to whom Onin Staffing did not first provide notice and a copy of the report before taking the adverse employment action, for the five years preceding the date of this action through the date of final judgment.

Miles claims Onin regularly obtains and uses consumer reports to conduct background checks on prospective employees and existing employees, and acted in deliberate or reckless disregard of his rights and those of the "Adverse Action Class." Miles claims Onin violated FCRA and his federal rights, including his alleged statutory rights and promulgations of the Federal Trade Commission. As a result, Miles claims he was denied the opportunity to plead his case for continued employment, to understand how the consumer report might affect his future efforts to obtain employment, and to see how his personal, sensitive information was being reported or if the information was even correct. The Miles Lawsuit seeks statutory damages as provided by FCRA, punitive damages, and attorney's fees, among other relief.

*Onin's Purchase of EPL Coverage from PIIC*

13.     To protect itself against the risk of claims and lawsuits arising from its employee staffing business, Onin purchased from PIIC numerous insurance policies.  At issue here is  Onin's Private Company Protection Plus Policy No. PHSD1571321 ("Private Company Policy"), which provides Employment Practices Liability Coverage to Onin for the policy period September 15, 2020 to September 15, 2021 (the "EPL Coverage" or the "EPL Policy").  Onin purchased its EPL Coverage from PIIC to protect Onin against claims related to employment practices, including, but not limited to, claims alleging adverse employment action.  Onin also purchased, among its other policies, a Staffing Service Professional Liability Coverage (the "PL Coverage" or "PL Policy") providing professional liability coverage and a Commercial Lines Policy providing commercial general liability insurance coverage (the "CGL Coverage").

14.     Onin's EPL Policy includes the following Insuring Agreement:

I.   Insurance Agreement

The **Underwriter** [PIIC] shall pay on behalf of the **Insured** [Onin], **Loss** from **Claims** against the **Insured** [Onin] during the **Policy Period** (or, if applicable, the Extended Reporting Period), and reported to the **Underwriter** [PIIC] pursuant to the terms of this Policy, for an **Employment Practice Act**.[3]

15.     The EPL Policy's general coverage form defines "**Employment Practice Act**" to cover seventeen (17) enumerated employment related acts or omissions.  However, Onin purchased a Private Company Enhancement Endorsement (PI-PRD-126 (04/19)) from PIIC that expands the EPL Coverage to include twenty-four enumerated acts or

---

[3] The EPL Policy highlights in bold terms that are specifically defined in the policy.

omissions.  The endorsement also expands some of the other enumerated employment acts.

As modified, the term "**Employment Practice Act**" is defined as follows:

**Employment Practice Act** means any actual or alleged:

1. wrongful dismissal, discharge or termination of employment;
2. breach of a written or oral employment contract or implied employment contract;
3. employment related misrepresentation;
4. wrongful failure to promote;
5. violation of employment discrimination laws (including harassment);
6. wrongful deprivation of a career opportunity;
7. employment related wrongful discipline;
8. negligent employee evaluation, training or supervision;
9. employment related invasion of privacy;
10. employment related defamation (including libel and slander);
11. workplace harassment of any kind, including sexual;
12. hostile work environment;
13. constructive discharge of employment;
14. employment related Retaliation;
15. employment related humiliation;
16. wrongful demotion;
17. negligent reassignment;
18. negligent hiring or retention;
19. failure to grant tenure;
20. failure to provide or enforce consistent employment policies and procedures;
21. failure to employ;
22. workplace bullying;
23. violation of any federal, state or local civil rights laws; and
24. acts described in 1. through 23. above arising from the use of the **Private Company's** internet, e-mail, telecommunication or similar systems, including communications on social media networks and committed or attempted by an **Individual Insured** in his/her capacity as an **Individual Insured** or by the **Private Company**.

Solely with respect to any **Claim** brought by or on behalf of any **Third Party**, **Employment Practice Act** means any

actual or alleged wrongful failure to employ, discrimination, harassment or violation of such **Third Party's** civil rights in relation to such failure to employ, discrimination or harassment, whether direct, indirect, or unintentional, committed by an **Individual Insured** in his/her capacity as an **Individual Insured** or by the **Private Company**.

16.     The EPL Policy defines "**Third Party**" to mean "any natural person who is not an **Employee** of the **Private Company**." Thus, the EPL Policy protects Onin against claims by both employees and third-party non-employees.

17.     In addition, the EPL Policy expressly covers Onin for claims alleging intentional acts or omissions, as is the very nature of such an insurance policy. For example, the EPL Policy insures Onin for allegations of wrongful termination, slander, libel, workplace bullying, and sexual harassment, among other things.

18.     The EPL Policy also insures Onin's costs of defending lawsuits alleging an "**Employment Practice Act**," including its reasonable and necessary legal fees and expenses, and requires PIIC to advance Onin's defense costs prior to final disposition of a claim. In other words, PIIC is obligated to pay Onin's defense costs as they are incurred, before any finding of ultimate liability.

### *PIIC's First Denial of Coverage for the Miles Lawsuit*

19.     On April 14, 2021, Onin Staffing, through its broker, timely reported the Miles Lawsuit to PIIC pursuant to the terms of its policies, and requested coverage, including payment of its defense costs and indemnity.

20.     For five months, PIIC provided no substantive response.

21.     PIIC hired a law firm that finally responded on its behalf on September 15, 2021. In its response, Akerman LLP, a law firm located in Atlanta, Georgia, denied coverage on behalf of PIIC under both Onin's EPL Policy and its PL Policy.

Notwithstanding the Miles Lawsuit's allegations triggering the EPL Coverage and PIIC's obligation to pay Onin's costs of defense, PIIC denied coverage and failed to conduct any meaningful investigation into the claims before issuing the denial.

22.     With respect to Onin's EPL Coverage, PIIC acknowledged the Miles Lawsuit satisfied the EPL Policy's requirements of a "**Claim**" made against the Insured that was properly reported during the "**Policy Period**."  PIIC further acknowledged Onin satisfied the EPL Policy's notice requirements, and confirmed the Miles Lawsuit's claims for actual or statutory damages under FCRA constituted "**Loss**" as defined under the EPL Policy.  Despite these coverage findings, PIIC denied coverage on three bases that are wholly devoid of merit.  First, PIIC inexplicably denied coverage based on its assertion the Miles Lawsuit does not allege an "**Employment Practice Act.**" As is clear from the definition itself, at least seven of the definition's enumerated subparts are met.  Next, PIIC denied coverage on the basis of "Alabama public policy," finding the EPL Policy would not cover "willful" violations of FCRA.  In doing so, PIIC ignored the Miles Lawsuit's allegations of reckless conduct and numerous Alabama decisions finding claims of recklessness to be covered under liability insurance policies.  Further, PIIC ignored that the EPL Policy's definition of "**Employment Practice Act**" itself includes numerous examples of intentional acts or omissions recognized to be insurable under Alabama law. Finally, PIIC denied coverage based on an exclusion in the common form of the Private Company Policy, Exclusion B, which applies to Loss "arising out of, based upon or attributable to any dishonest or fraudulent act or omission of any criminal act or omission by such Insured; . . . ."  The Miles Lawsuit makes no such allegation, and even if it did, the same exclusion includes the limitation that it "shall only apply if a final and non-appealable

judgment or adjudication in the underlying action establishes the Insured committed such act or omission." There has been no judgment or adjudication in the Miles Lawsuit at all, much less one finding dishonest, fraudulent, or criminal conduct by Onin when none is alleged.

23.     With respect to the PL Coverage, PIIC denied coverage on the basis of three exclusions in the PL Policy, including an exclusion for any actual or alleged violation of FCRA; an exclusion for "damages" arising out of any "wrongful act" committed with knowledge that it was a "wrongful act;" and on the basis of an employment related practices exclusion. No FCRA exclusion is found in the EPL Policy—indeed, none of the PL Policy exclusions relied upon by PIIC are found in the EPL Policy. Further, despite its denial of EPL Coverage on the basis that the Miles Lawsuit failed to allege an "**Employment Practice Act**," PIIC denied coverage under the PL Policy based on an Employment Related Practices exclusion, finding the Miles' claims arose from "employment-related practices, policies, acts or omissions" that are precluded from the PL Policy's coverage.

### PIIC's Refuses to Reconsider its Wrongful Denial

24.     On November 4, 2021, Onin's broker wrote to the Akerman law firm, requesting that PIIC reconsider its wrongful coverage denial and provide the defense and indemnity coverage owed under the EPL Policy. In its letter requesting reconsideration, Onin's broker alerted PIIC the federal court in the Miles Lawsuit had ordered mediation to occur on or before December 22, 2021, and requested reimbursement of Onin's defense costs incurred through the time of the letter and its advancement of defense costs going forward. Further, Onin's broker identified numerous allegations in the Lawsuit that satisfied different components of the Policy's definition of "**Employment Practices Act**."

Among them, Onin's broker pointed PIIC to Miles' allegations that he was denied employment opportunities, that he was terminated and denied a subsequent employment opportunity, and that he was subjected to multiple adverse employment actions based on the use of a consumer report containing "personal, sensitive information."  These allegations satisfy the definition's subparts for actual or alleged wrongful dismissal, discharge or termination of employment (subpart 1), violation of employment discrimination law (subpart 5), wrongful deprivation of a career opportunity (subpart 5); employment related invasion of privacy (subpart 9), constructive discharge of employment (subpart 13), failure to employ (subpart 21), violation of any federal, state or local civil rights laws (subpart 23), and possibly others.  Onin's broker also explained Alabama public policy does not prohibit enforcement of the EPL Policy's coverage for intentional acts, and that such a position rendered the EPL Coverage illusory.  Finally, Onin's broker also referred PIIC to the reckless component of the Miles Lawsuit's FCRA claims, and the numerous reasons why the EPL Policy's dishonesty, fraud, and criminal acts Exclusion B did not apply.[4]

25.     On November 19, 2021, the Akerman law firm, on behalf of PIIC, refused to reconsider its position, once again denying coverage on behalf of PIIC.

*PIIC Ignores Actual Evidence from the Miles Lawsuit Demonstrating Coverage*

26.     In addition to PIIC's failure to cover Onin's defense costs based on the allegations of the Miles Lawsuit, PIIC likewise has ignored Miles' responses to discovery

---

[4] Onin's broker also noted the limitation of the EPL Policy's Exclusion B, which demonstrates the EPL Policy's intent that the mere allegation of "deliberate dishonest" or fraudulent acts not remove PIIC's obligation to reimburse and advance Onin's costs of defending against such claims.

in the Miles Lawsuit that demonstrate Miles' claims and allegations allege a covered "**Employment Wrongful Act**" and covered reckless conduct under FCRA.

27.     After its coverage denials, Onin provided Akerman with Miles' responses to requests for admissions served in the Miles Lawsuit.  In his responses, Miles admitted that he claims Onin terminated his employment; wrongfully dismissed him from employment; wrongfully denied him of a career opportunity with Dorman Products; denied his federal rights in subjecting him to adverse employment action; and recklessly violated the FCRA in subjecting him to adverse employment action.  Miles also admitted that he claims actual monetary damages as a result of his alleged wrongful termination of employment.

28.     Despite Onin's third request that PIIC reconsider its coverage denial based on Miles' admissions, PIIC has failed to acknowledge coverage or to reconsider its wrongful denial.

## <u>COUNT I:  BREACH OF CONTRACT</u>

29.     Onin Staffing adopts and incorporates the allegations contained in the preceding paragraphs as if realleged in full herein.

30.     Defendant PIIC owed a contractual obligation to Onin to reimburse and advance its defense costs and to indemnify it against damages or settlements under the EPL Policy.

31.     Onin has fulfilled its obligations under the EPL Policy.

32.     Coverage is owed under the EPL Policy and no exclusion applies.

33.     PIIC's denial of coverage, and its failure to conduct a reasonable investigation into Miles' claims, constitute a breach of contract.

34.     As a result of PIIC's breach, Onin is incurring and continues to incur defense costs that have not been reimbursed.  Further, Onin's ongoing defense costs are not being advanced by PIIC as required under the EPL Policy.

35.     Onin has been damaged and continues to be damaged as a result of the PIIC's breach of contract.

WHEREFORE, the premises considered, Plaintiff Onin seeks any and all damages to which it may be entitled, including, but not limited to, compensatory damages, attorney's fees, interest, and costs.

## COUNT II:  BAD FAITH

36.     Onin Staffing adopts and incorporates the allegations contained in the preceding paragraphs as if realleged in full herein.

37.     Defendant PIIC owes Onin an obligation to provide coverage under the EPL Policy for its loss related to the Miles Lawsuit, including its defense costs and any damages or settlements in the Miles Lawsuit.

38.     Defendant PIIC denied coverage to Onin without any reasonable or lawful basis, and its denial is based on provisions that do not exist in the EPL Policy or positions that expressly contradict the provisions in the EPL Policy.

39.     Defendant PIIC's denial of coverage was done knowingly and recklessly without regard to the facts or allegations.

40.     Defendant PIIC intentionally failed to determine whether there was an arguable reason to deny coverage of Onin's claim.

41.     Defendant PIIC has acted in bad faith.

WHEREFORE, the premises considered, Plaintiff Onin seeks any and all damages to which it may be entitled, including, but not limited to, compensatory and punitive damages, attorney's fees, interest, and costs.

**PLAINIFF ONIN STAFFING REQUESTS A TRIAL BY JURY
AS TO ALL ISSUES**

Respectfully submitted, this the 14th day of December, 2021.

*Spencer M. Taylor*
One of the Attorneys for Plaintiff Onin Staffing, LLC

**OF COUNSEL:**

Spencer M. Taylor (TAY046)
Barze Taylor Noles Lowther LLC
2204 Lakeshore Drive, Suite 425
Birmingham, Alabama 35209
205-872-1032
staylor@btnllaw.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Philadelphia Indemnity Insurance Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104



AlaFile E-Notice

01-CV-2021-903644.00

To:  SPENCER MCCARTNEY TAYLOR
     staylor@btnllaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ONIN STAFFING, LLC V. PHILADELPHIA INDEMNITY INSURANCE COMPANY
01-CV-2021-903644.00

The following complaint was FILED on 12/14/2021 4:20:29 PM

Notice Date:      12/14/2021 4:20:29 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903644.00

To:  PHILADELPHIA INDEMNITY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
2 N JACKSON S., STE. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ONIN STAFFING, LLC V. PHILADELPHIA INDEMNITY INSURANCE COMPANY
01-CV-2021-903644.00

The following complaint was FILED on 12/14/2021 4:20:29 PM

Notice Date:      12/14/2021 4:20:29 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | # SUMMONS<br>## - CIVIL - | **Court Case Number**<br>01-CV-2021-903644.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ONIN STAFFING, LLC V. PHILADELPHIA INDEMNITY INSURANCE COMPANY

**NOTICE TO:** PHILADELPHIA INDEMNITY INSURANCE COMPANY, C/O CT CORPORATION SYSTEM 2 N JACKSON S., STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SPENCER MCCARTNEY TAYLOR

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2204 LAKESHORE DRIVE, SUITE 425, BIRMINGHAM, AL 35209

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ONIN STAFFING, LLC
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 12/14/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested. /s/ SPENCER MCCARTNEY TAYLOR
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*        *(Name of County)*

Alabama on _____ .
*(Date)*

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

**SENDER: COMPLETE THIS SECTION**

- Ensure Items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature:** ( ☐ Addressee or ☐ Agent)

X

**B. Received By:** *(Printed Name)*

**C. Date of Delivery**

DEC 2 0 2021

1. Article Addressed to:

Philadelphia Indemnity Insurance Company
c/o CT Corporation System
2 N Jackson St Suite 605
Montgomery AL 36104-3821

**D. Is delivery address different from Item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☑ Certified Mail®



9490 9116 9900 0528 2863 67

2. Article Number *(Transfer from service label)*

9414 7116 9900 0528 2863 56

PS Form 3811 Facsimile, July 2015 (SDC 3930)

Domestic Return Receipt



USPS TRACKING #

MONTGOMERY AL 360

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



9490 9116 9900 0528 2863 67

UNITED STATES
POSTAL SERVICE

IN OFFICE
CIVIL DIVISION

DEC 28 2021

JACQUELINE ANDERSON SMITH
CLERK

PS Form 3811 Facsimile, July 2015 (SDC 3930)

Jacqueline Anderson Smith

Circuit Court Clerk

Jefferson County, Alabama

716 N. Richard Arrington Blvd.

Birmingham, AL 35203

CV-2021-903644



AlaFile E-Notice

01-CV-2021-903644.00

Judge: BRENDETTE BROWN GREEN

To: TAYLOR SPENCER MCCARTNEY
staylor@btnllaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ONIN STAFFING, LLC V. PHILADELPHIA INDEMNITY INSURANCE COMPANY
01-CV-2021-903644.00

The following matter was served on 12/20/2021

**D001 PHILADELPHIA INDEMNITY INSURANCE COMPANY**
**Corresponding To**
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov